CHICAGO CRAYON COMPANY, Appellant, v. ROBERT L. TOMLINSON, Principal, NAT TORBIT, Surety, Respondent.

Kansas City Court of Appeals, July 9, 1910.

1. **PRINCIPAL AND SURETY: Bond of Manager to Account for Moneys Received in Business.** Where the manager of a business gave a bond to secure his employer an account of all money that might come into his hands as such manager, it is necessary for the plaintiff in a suit on such bond to show that a claimed shortage came within the provisions of the bond. In the absence of such proof, the defendant is entitled to a directed verdict.

2. ———: ———: ———. In such a case the surety would not be liable for collections made by agents not reported to the manager, or for samples or sample cases handed to agents and not returned by them to the manager.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond,* Judge.

AFFIRMED.

*H. S. Booth* for appellant.

*J. L. Stephens* and *H. A. Collier* for respondents.

JOHNSON, J.—This is a suit on an agent's bond. Plaintiff, engaged in the picture business in Chicago, appointed defendant Tomlinson district manager of its busiess in Iowa and northern Missouri under the terms of a written contract which provided that Tomlinson would appoint agents to make sales and collections in the territory under his supervision; that such agents would account to him for collections made by them, and that he in turn would answer to plaintiff for the money and property coming to his hands as such district manager.

The samples, sample cases, etc., for the use of agents were to be provided by plaintiff under the stipulation that the cost of such property was to be charged to Tomlinson as it was sent out from time to time, and charged off when the samples, etc., were returned to plaintiff. At the time this contract was entered into, plaintiff took a bond from Tomlinson signed by him as principal and by his father-in-law, Nat Torbit, as surety. The instrument as prepared by plaintiff was conditioned, not only for the payment to plaintiff of all money that might come into the hands of Tomlinson as district manager and which should be accounted for to plaintiff, but also guaranteed the honesty of the various agents to be appointed. Before signing the bond defendants erased the latter provision and the bond when delivered guaranteed only that the district manager would account for all money and property that might come into his hands under the contract. It is claimed by plaintiff that Tomlinson received money and property under the contract of the total amount of $583.82; that he accounted for only $430.50 of this amount, and that he has failed and refused to account for and pay over the remainder of $153.52. At the close of the evidence introduced by plaintiff, the court peremptorily instructed the jury to return a verdict for the defendant surety. A verdict was returned in obedience to this instruction and the cause is here on the appeal of plaintiff from the judgment rendered on that verdict.

From the books of plaintiff, it does appear that the manager was charged, all told, with $583.82, and that his total credits amounted to $430.50, but the evidence fails entirely to show of what the account consists. From time to time plaintiff advanced money to the manager. It sent him samples and sample cases for distribution among the agents and he received the proceeds of collections made by himself and agents. But it is impossible to ascertain from the evidence whether the remainder due on the accounts represents items covered

by the bond or consists wholly or in part of items for which the surety would not be liable such as collections made by agents and not reported to the manager or samples and sample cases put into the hands of agents and not returned by them to the manager. Under the provisions of the bond, the surety would not be liable for such items as we have just mentioned. The burden was on plaintiff to show a breach of the bond. This, its evidence fails to do, and the learned trial judge could not well do otherwise than to direct a verdict for the surety.

The judgment is affirmed. All concur.